UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHANELL YOUNG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAGINAW COUNTY SHERIFF'S OFFICE, et al.<br><br>    Defendants. | Case No. 24-cv-11806<br><br>Honorable Robert J. White |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SECOND MOTION TO COMPEL (ECF No. 31) AND DENYING DEFENDANTS' MOTION TO COMPEL (ECF No. 34)**

Plaintiffs Shanell Young, Natasha Young, and Aisha Young sued Defendants the Saginaw County Sheriff's Office (SCSO) and Christopher Bonnington for civil rights violations based on an allegedly unlawful arrest (the Incident). (ECF No. 1). Presently before the Court are (1) Plaintiffs' second motion to compel discovery and for sanctions (ECF No. 31) and (2) Defendants' motion to compel more specific answers and for signed authorizations pursuant to Federal Rule of Civil Procedure 37 (ECF No. 34). The Court held a hearing on both motions on January 15, 2026. (ECF No. 36). For the reasons explained on the record, the Court will grant in part and deny in part Plaintiffs' second motion to compel and deny Defendants' motion to compel.

The Court will first address Defendants' motion. Plaintiffs represented in their response to Defendants' motion and on the record that they only intend to seek garden variety damages for emotional distress. (ECF No. 35, PageID.909). Garden variety damages refer to those "normally associated with or attendant to the alleged injury," such as "humiliation, embarrassment, and other similar emotions." *Kubik v. Cent. Mich. Univ. Bd. of Trs.*, No. 15-cv-12055, 2016 WL 9631633, at *4 (E.D. Mich. Mar. 17, 2016), *objections overruled*, 2016 WL 4425174 (E.D. Mich. Aug. 16, 2016) (citation omitted). Such damages are best defined by what they are not: "intentional or negligent infliction of emotional distress"; "specific mental or psychiatric injury or disorder" stemming from the injury; or "unusually severe emotional distress." *Id.* at *6. Because garden variety damages do not typically place a plaintiff's mental or physical health at issue, courts will restrict or deny discovery of associated medical records. *See id.*

Here, the Court finds sufficient Plaintiffs' representations that they will only seek garden variety damages as reason to deny Defendants' motion. Plaintiffs asserted that they will not call any experts, including treating providers, as to their medical or physical conditions. Rather, Plaintiffs will limit their testimony to their perception of the Incident and how they felt afterwards. The parties may stipulate to an order reflecting Plaintiffs' intent; otherwise, the parties may raise the issue through a motion in limine before trial. And regardless, the Court finds Defendants'

2

request for fifteen years of medical records excessive and unwarranted. Plaintiffs have already produced their medical records for the three years pre-dating the incident. Any relevant information is likely contained in the medical records previously produced. For the reasons stated, the Court will deny Defendants' motion.

Next, the Court will grant in part and deny in part Plaintiffs' second motion to compel. After Plaintiffs moved to compel, but before the January 15, 2026 hearing, Defendants produced much of the discovery Plaintiffs sought in their motion. Namely, Defendants produced a taped interview of Bonnington discussing the Incident and communications from SCSO employees regarding the same. (ECF No. 31, PageID.357–63; ECF No. 32, PageID.611). Defendants also submitted a sworn affidavit of Lt. Travis Henige of the SCSO attesting that he did not take notes at Bonnington's interview, that he did not observe others taking notes at the interview, and that he reviewed the file from the Incident and found no interview notes. (ECF No. 32-4, PageID.653–54). The Court will therefore deny Plaintiffs' motion to compel as it relates to the information discussed in this paragraph as moot.

Moving on, the Court will grant Plaintiffs' motion to compel responses to and produce documents for Plaintiffs' Second Request for Production of Documents, Production Request 13, with certain limitations. (ECF No. 31, PageID.363–65; ECF No. 31-5). As stated at the hearing, the Court reads Production Request 13's subparts

narrowly. The Court directs Defendants to respond to 13(a), 13(c), and 13(d) as those requests pertain to Bonnington's microphone. (ECF No. 31-5, PageID.584). That means Defendants must produce documents demonstrating that Bonnington's microphone did not pair during the incident, all documents reflecting "complaints, concerns, or failures" Bonnington made about his microphone before the Incident, and all documents reflecting "maintenance, repair, or replacement" of Bonnington's microphone requested and/or completed at any time before the Incident. (*Id.*). Because Bonnington stated in his police report that his microphone failed because SCSO was switching its video/audio equipment to a different brand, (ECF No. 15-6, PageID.184), Defendants are also ordered to respond to 13(b). Plaintiffs are entitled to confirm the legitimacy of Bonnington's explanation through discovery, and Plaintiffs limited the scope of 13(b) to relevant information as of the date of the Incident. Thus, the Court will grant Plaintiffs' motion to compel a response to Production Request 13 in the manner described.

The Court will deny Plaintiffs' request to re-depose Bonnington at this time. (ECF No. 31, PageID.347). The Court will revisit its ruling if Plaintiffs uncover information in future discovery that requires another deposition. The Court will also extend the discovery deadline by ninety (90) days from the issuance of this Order. In those ninety days, Defendants have thirty (30) days to produce responses and documents pertaining to Plaintiffs Second Request for Production, Production

4

Request 13, from the date of this Order.  Finally, the Court will deny Plaintiffs' request for sanctions. (*Id.*). The Court appreciates that Plaintiffs flagged potential discovery malfeasance on the part of Defendants but does not believe that sanctions are appropriate given Defendants have already produced most of the requested information and that the Court will extend the discovery deadline.

* * *

For the reasons given, the Court **ORDERS** that Plaintiffs' second motion to compel  (ECF No. 31) is **GRANTED IN PART AND DENIED IN PART**.

The Court **FURTHER ORDERS** that Defendants' motion to compel (ECF No. 34) is **DENIED**.

The Court **FURTHER ORDERS** that the discovery deadline is extended by ninety days from the date of this Order.

Dated: January 16, 2026               s/Robert J. White
                                                           Robert J. White
                                                           United States District Judge